UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW YORK,<br><br>                              Plaintiffs,<br><br>     v.<br><br>HOLCIM (US) INC.,<br><br>                              Defendant. | Civ. No. 1:21-cv-490 (GTS/DJS) |

## COMPLAINT

The United States of America, by its attorney, Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, acting on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of New York (the "State" or "New York"), acting on behalf of the Commissioner of the New York State Department of Environmental Conservation ("NYSDEC"), by and through their attorney, Letitia James, Attorney General of the State of New York, (collectively, "Plaintiffs"), allege as follows:

### NATURE OF ACTION

1. This is a civil action for injunctive relief and civil penalties brought pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA" or the "Act"), 33 U.S.C. § 1319(b) and (d), and Article 17 of the New York Environmental Conservation Law ("ECL"), and regulations promulgated thereto, against Holcim (US) Inc. ("Holcim" or "Defendant"), as owner and successor-in-interest at Defendant's Ravena Cement Plant ("Facility" or "Ravena Facility") located at 1916 Route 9W in Ravena, New York for illegal discharges of pollutants and other violations of Section 301(a) of the CWA, 33 U.S.C. § 1311(a), and for failing to comply with

NYSDEC State Pollutant Discharge Elimination System Permit No. NY0005037 (the "SPDES Permit"), issued pursuant to CWA § 402, 33 U.S.C. § 1342.

2. This action seeks to recover monetary penalties for these violations as well as injunctive relief compelling Holcim to come into compliance with the CWA, the ECL, and their respective implementing regulations.

3. Authority to bring this action is vested in the United States Department of Justice ("DOJ"), on behalf of the EPA, pursuant to 28 U.S.C. §§ 516 and 519, and section 506 of the Act, 33 U.S.C. § 1366, and in the Attorney General of the State of New York, pursuant to ECL §§ 71-1929, 71-1931.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b). The Court has supplemental jurisdiction over New York's claims under 28 U.S.C. § 1367. The Court has personal jurisdiction over the parties to this action.

5. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), 1395(a), and section 309(b) of the Act, 33 U.S.C. § 1319(b), because the Defendant conducts business in this District and because the alleged violations occurred in this District.

6. The United States has provided notice of the commencement of this action to the State of New York as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

7. Holcim is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6211 Ann Arbor Rd., Dundee, Michigan, 48131.

8. At all times relevant hereto, Holcim and/or its predecessors-in-interest owned and operated the Ravena Facility.

9. Holcim is a "person" within the meaning under Section 502(5) of the Act, 33 U.S.C. §1362(5), and applicable federal and state regulations promulgated pursuant to these statutes.

## STATUTORY AND REGULATORY AUTHORITY

10. The objective of the Act is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. 33 U.S.C. § 1251(a).

11. To achieve this end, the Act generally prohibits "the discharge of any pollutants by any person," to waters of the United States, except when done in compliance with other sections of the CWA, including permits issued under CWA Section 402. 33 U.S.C. §§ 1311(a), 1342. The term "discharge of pollutants" includes "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

12. ECL Article 17, entitled "Water Pollution Control," declares that the public policy of New York is to "require the use of all known available and reasonable methods to prevent and control pollution of the waters of the state of New York." ECL § 17-0101. Consistent with this public policy, it is "unlawful to discharge pollutants to the waters of the state from any outlet or point source" except when done in compliance with a NYSDEC-issued permit, and it is unlawful to discharge pollutants in excess of the limits set by such permit. ECL §§ 17-0101, 17-0803.

### NPDES Permit Program

13. The principal CWA program authorizing the discharge of pollutants is the National Pollutant Discharge Elimination System ("NPDES") permit program established by CWA Section 402, 33 U.S.C. § 1342.

14. A NPDES permit authorizes the discharge of pollutants subject to various terms and conditions designed to ensure that the discharges remain consistent with the CWA's objectives of restoring and maintaining the integrity of the waters of the United States.

15. As permitted by Section 402(b) of the Act, states have elected to administer the NPDES program within their jurisdiction. 33 U.S.C. § 1342(b). New York has been authorized by EPA to administer the program in the State since October 28, 1975, and NYSDEC is the agency charged with administration of the New York State NPDES program. NPDES permits issued and administered by NYDEC are referred to under state law as State Pollutant Discharge Elimination System ("SPDES") permits. ECL § 17-0105(13). Under Sections 309 and 402(i) of the Act, the United States retains concurrent authority to enforce SPDES permit violations. 33 U.S.C. §§ 1319, 1342(i).

16. Under Section 402 of the Act, a State with an EPA-approved NPDES program may issue permits, including stormwater permits, governing the discharge of pollutants from regulated sources. Thus, compliance with CWA section 301(a) requires compliance with an applicable NPDES permit.

17. Section 402 of the Act, 33 U.S.C. § 1342, directs the Administrator to prescribe conditions for NPDES permits to assure compliance with the requirements of the CWA, including conditions on data and information collection, reporting and such other requirements as the Administrator deems appropriate.

18. Section 402(a)(1) of the Act, 33 U.S.C. § 1342(a)(1), provides that the Administrator may, after an opportunity for a public hearing, issue a permit for the discharge of any pollutant to the waters of the United States, upon the condition that such discharge will meet

all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

19. Effluent limitations, as defined in Section 502(11) of the Act, 33 U.S.C. § 1362(11), are restrictions on quantity, rate and concentration of chemical, physical, biological and other constituents which are discharged from point sources. Effluent limitations are among the conditions and limitations prescribed in NPDES permits issued under Section 402(a) of the Act, 33 U.S.C. § 1342(a).

20. Section 402(b) allows each state to implement the CWA through its own permit program, so long as EPA approves the program as conforming to federal guidelines.

21. Section 309(b) of the Act, 33 U.S.C. § 1319(b), authorizes the Administrator of EPA to commence a civil action for appropriate relief, including a permanent or temporary injunction, when any person is in violation of Section 301 of the Act, 33 U.S.C. § 1311, among other provisions, or of any permit condition or limitation implementing CWA Section 301 and set forth in a permit issued under CWA Section 402, 33 U.S.C. § 1342. The State is authorized to commence a civil action for appropriate relief, including injunctive relief, for such violations pursuant to its analogous state laws. *See* ECL § 71-1931.

22. Section 309(d) of the Act, 33 U.S.C. § 1319(d), the Federal Civil Penalties Inflation Adjustment Act of 1990, 31 U.S.C. § 3701, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, and its implementing regulations, 40 C.F.R. § 19.4, provide, in part that any person who violates Section 301 of the Act, 33 U.S.C. § 1311, or any condition or limitation implementing CWA Section 301 and set forth in a permit issued under CWA Section 402, 33 U.S.C. § 1342, shall be subject to a civil penalty of up to $37,500 per day for each violation that occurred between January 12, 2009 and November 2, 2015; and up to

$55,800 per day for each violation that occurred after November 2, 2015, and where penalties are assessed on or after January 13, 2020. The States are authorized to seek civil penalties for such violations pursuant to their analogous state laws. *See* ECL § 71-1929.

### The Facility's SPDES Permit

23. Sections 301 and 402 of the Act, 33 U.S.C. §§ 1311 and 1342, require a permit for industrial discharges and for stormwater discharges associated with industrial activity. Wastewater and stormwater discharges at cement manufacturing facilities are regulated pursuant to 40 C.F.R. Part 411, Cement Manufacturing Point Source Category.

24. The Facility is a hydraulic cement manufacturing facility located adjacent to various unnamed tributaries of Coeymans Creek and Hannacroix Creek. It discharges stormwater and process wastewater to Coeymans Creek, the Hudson River, and various unnamed tributaries of Coeymans Creek and Hannacroix Creek via twenty (20) constructed outfalls, as described in its SPDES Permit.

25. NYSDEC issued SPDES Discharge Permit, No. NY0005037, to Holcim's predecessor-in-interest on December 1, 2000, for operations at the Facility. The requirements of 40 C.F.R. Part 411 are incorporated into Holcim's SPDES Permit, as issued by NYSDEC, in accordance with Sections 301 and 402 of the CWA. The current version of the Permit has an effective date of October 1, 2010, and was modified several times, most recently on August 14, 2014. The Permit was last renewed on October 1, 2015, with an expiration date of September 30, 2020. The Permit has been administratively extended in accordance with the New York State Administrative Procedures Act ("SAPA").

26. As defined in Section 502(6) of the Act, 33 U.S.C. § 1362(6), and ECL § 17-0105(17), the term "'pollutant" includes chemical wastes, rock, sand, and industrial waste

discharged into water. EPA has determined that pollutants associated with hydraulic cement manufacturing facilities include Biological Oxygen Demand ("BOD'"), Oil & Grease, pH, and Total Suspended Solids ("'TSS"). *See* 60 Fed. Reg. 50804, 50954 (Sept. 29, 1995).

27. Pollutants measured and recorded at the Ravena Facility include BOD, Oil & Grease, pH, TSS, Settleable Solids, aluminum, mercury, fecal coliform, and chlorine, which meet the definition of pollutants.

28. Section 502(12) of the Act, 33 U.S.C. § 1362(12), defines the term "discharge of a pollutant" as, among other things, "any addition of any pollutant to navigable waters from any point source."

29. Section 502(14) of the Act, 33 U.S.C. § 1362(14), and ECL § 17-0105(16) each defines a "point source" as including "any discernable, confined and discrete conveyance … from which pollutants are or may be discharged."

30. Section 502(7) of the Act, 33 U.S.C. § 1362(7), defines "navigable waters" as "waters of the United States."

31. Pursuant to ECL § 17-0511, the use of existing or new outlets or point sources, which discharge sewage, industrial waste, or other wastes into waters of the state of New York, is prohibited unless such use is in compliance with all standards, criteria, limitations, rules and regulations promulgated or applied by NYSDEC pursuant to Article 17 of the ECL.

32. ECL § 17-0105(2) defines "waters of the state" as including "rivers, streams, creeks . . . and all other bodies of surface or underground water . . . which are wholly or partially within or bordering the state or within its jurisdiction."

33. The Facility contains a "point sources," including 20 constructed outfalls, that discharge stormwater and process wastewater to Coeymans Creek, the Hudson River, and

various unnamed tributaries of Coeymans Creek and Hannacroix Creek (all of which discharge to the Hudson River). Coeymans Creek and Hannacroix Creek flow into the Hudson River. The Hudson River is a traditionally navigable water, hence, a water of the United States as defined in 40 C.F.R. § 122.2 and, therefore, a navigable water under Section 502(7) of the Act, 33 U.S.C. § 1365(7).

34. Pursuant to 40 C.F.R. § 122.41(a), NPDES permittees must comply with all conditions of their NPDES permits, and any permit non-compliance constitutes a violation of the CWA.

35. NYSDEC regulations at Part 750-2.1(e) of Title 6 of the Official Compilation of Codes, Rules and Regulations of the State of New York provide that SPDES permittees must comply with all terms and conditions of their SPDES permits, and any permit non-compliance constitutes a violation of the ECL and the CWA.

## GENERAL ALLEGATIONS

36. In November 2011, EPA identified numerous CWA violations at the Ravena Facility including unauthorized discharges, operation and maintenance deficiencies, inadequate stormwater best management practices, and numeric effluent limit violations of the SPDES Permit going back to 2004. Holcim's predecessor-in-interest subsequently agreed to an administrative compliance order on consent, Docket No. CWA-02-2012-3062, dated September 20, 2012 to address the violations and a separate consent agreement and final order, Docket No. CWA- 02-2012-3404, dated September 12, 2012, in which it agreed to pay a civil penalty of $120,000 to resolve violations occurring between 2006 and 2011 (the "EPA Consent Order").

37. On December 12, 2014, NYSDEC issued an administrative order on consent ("AOC") citing the Facility for 55 SPDES effluent violations between 2011 and 2014, and an

unreported sulfuric acid spill ("AOC 1"). AOC 1 included a compliance schedule and a $131,000 civil penalty.

38. On October 9, 2015, NYSDEC issued another AOC for an additional 20 SPDES permit effluent limit violations from 2014 through March 2015, as well as unauthorized discharges of partially-treated landfill leachate, and assessed a civil penalty of $118,000, of which $59,000 was to be collected and $59,000 was suspended provided that Defendant complied with the Order ("AOC 2").

39. Holcim's predecessor-in-interest failed to comply with the EPA Consent Order, AOC 1 and AOC 2.

40. Between April 2015 and August 2020, the Facility's Discharge Monitoring Reports documented 273 SPDES permit violations.

41. Each of these instances of permit non-compliance is a violation of Sections 301 and 402 of the Act, 33 U.S.C. §§ 1311 and 1342.

42. Site inspections of the Facility by EPA and NYSDEC have documented unpermitted discharges of landfill leachate from the Facility's landfills to waters of the United States by several means, including via ditches, pump station overflows, and other constructed outfalls.

43. The unpermitted discharge of landfill leachate from unpermitted point sources is a violation of Section 301 of the Act, 33 U.S.C. § 1311.

**FIRST CLAIM FOR RELIEF**
**Violation of SPDES Permit No. NY0005037**

44. The foregoing allegations are realleged and incorporated herein by reference.

45. Since at least April 2015, Defendant has violated the terms and conditions of its SPDES Permit, issued under Section 402 of the Act, 33 U.S.C. § 1342.

9

46. Section 309 of the Act, 33 U.S.C. § 1319, authorizes the United States to pursue judicial intervention and injunctive relief for the Facility's failure to comply with its SPDES Permit.

47. Unless restrained by an Order of this Court, these violations of the CWA and its implementing regulations will continue.

48. Defendant is liable for civil penalties under CWA Section 309(d), 33 U.S.C. § 1319(d), for each day of violation of its SPDES Permit.

## SECOND CLAIM FOR RELIEF
### Violation of CWA Section 301, 33 U.S.C. 1311

49. The foregoing allegations are realleged and incorporated herein by reference.

50. Since at least April 2015, Defendant have violated Section 301 of the Act, 33 U.S.C. § 1311, by discharging pollutants into navigable waters without a permit.

51. Pursuant to Section 309 of the Act, 33 U.S.C. § 1319, any failure by Defendant to comply with Section 301 of the Act constitutes a violation of the Act.

52. Unless restrained by an Order of this Court, these violations of the CWA and its implementing regulations will continue.

53. Defendant is liable for civil penalties under CWA Section 309(d), 33 U.S.C. § 1319(d), for each day of violation.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America and New York respectfully request that this Court grant the following relief:

1. Permanently enjoin Defendant from any further violations of CWA and, where applicable, its implementing regulations;

2. Order Defendant to expeditiously complete all actions necessary or appropriate to ensure that it complies with the foregoing laws and regulations, and to implement corporate policies designed to achieve compliance with the terms and conditions of its SPDES Permit at the Facility;

3. Award the United States and New York civil penalties for each violation of the CWA, and applicable regulations, in an amount not to exceed $37,500 per day for each violation that occurred between January 12, 2009 and November 2, 2015, and $55,800 per day for each violation that occurred after November 2, 2015;

4. Award Plaintiffs their costs of this action; and

5. Award such other relief as this Court may deem just and proper.

Dated: April 28, 2021

ANTOINETTE T. BACON
Acting United States Attorney
Northern District of New York

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment & Nat. Resource Div.

LETITIA A. JAMES
Attorney General of the State of New York

*John D. Hoggan, Jr.*
JOHN D. HOGGAN, JR.
Assistant United States Attorney
Bar Roll No. 511254
United States Attorney's Office
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, New York 12207
Phone: (518) 431-0247
Fax: (518) 431-0386

JOSEPH M. KOWALCZYK, JR.
Assistant Attorney General
Bar Roll No. 515732
State of New York
Office of the Attorney General
The Capitol
Albany, NY 12207-2924
Phone: (518) 776-2417
Fax: (518) 650-9363

| | |
|---|---|
| Of Counsel: | Of Counsel: |
| | |
| Kara E. Murphy | Anthony Luisi |
| Assistant Regional Counsel | Regional Attorney, Office of General Counsel |
| Water and General Law Branch | New York State Department of Environmental Conservation |
| U.S. Environmental Protection Agency | |
| Region 2 | 1130 N. Westcott Road |
| 290 Broadway | Schenectady, NY 12306 |
| New York, NY 10007 | |